**[Cite as *State v. Mogle*, 2013-Ohio-5341.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

JOSEPH S. MOGLE

      Defendant-Appellant

Appellate Case No.    2013-CA-3

Trial Court Case No.   2012-CR-31

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of December, 2013.

. . . . . . . . . . .

R. KELLY ORMSBY, III, by DEBORAH S. QUIGLEY, Atty. Reg. No. 0055455, Assistant
Prosecuting Attorney, Darke County Prosecutor's Office, 504 South Broadway Street, Greenville,
Ohio 45331
      Attorney for Plaintiff-Appellee

DARRELL L. HECKMAN, Atty. Reg, No. 0002389, One Monument Square, Suite 200, Urbana,
Ohio 43078
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   Defendant-Appellant, Joseph S. Mogle, appeals from a trial court decision sentencing him on a community control violation.  We are asked to decide whether Mogle's revocation and sentence for a community control violation can stand when premised on convictions resulting from guilty pleas that we have vacated in a separate appeal.

{¶ 2}   We reversed the convictions in a consolidated appeal, *See State v. Mogle*, 2d. Dist. Darke Nos. 2013-CA-4 and 2013-CA-5.  The record in that case supported Mogle's claim of manifest injustice, allowing withdrawal of his guilty pleas when he relied upon a nonexistent promise from the judge that he would receive community control but was sentenced to prison. We find that because the underlying convictions serving as the basis of the revocation in this case have been reversed, revocation of the community control sanctions and the resulting sentence must also be vacated.   We reverse and remand.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

{¶ 3}   Mogle was under supervision of community control for unlawful sexual conduct with a minor, R.C. 2907.04, a felony of the fourth degree, which is the subject of this appeal. While under this supervision, he was charged with two counts of failure of duty to register, R.C. 2950.04(E) and 2950.99, felonies of the fourth degree, and Aggravated Arson, R.C. 2909.02(A)(2), a felony of the second degree.

{¶ 4}   On March 20, 2013, Mogle entered pleas of guilty to a reduced charge of Arson, R.C. 2909.03(A)(1), 2d Dist. Darke No. 2013-CA-5, and one count of failure of duty to register, 2d Dist. Darke No. 2013-CA-4, both felonies of the fourth degree.  The trial court revoked

Mogle's community control sanctions based upon these two convictions and sentenced Mogle to ten months in prison, to be served consecutively to concurrent ten month prison sentences that were imposed in the two underlying convictions. We reversed the underlying convictions in the consolidated appeal, which served as the basis for the revocation of community control in this case. *Mogle*, 2d Dist. Darke Nos. 2013-CA-4 and 2013-CA-5.

## II. ASSIGNMENT OF ERROR

{¶ 5}     Mogle states the following assignment of error:

THE TRIAL COURT ERRED IN SENTENCING APPELLANT ON A COMMUNITY CONTROL VILOATION.

## III. LEGAL ANALYSIS

{¶ 6} The revocation of community control and the resulting prison sentence in this case was dependent on the validity of the underlying convictions that served as the basis of the revocation. We reversed the convictions in a separate appeal. Therefore, we sustain Mogle's assignment of error, reverse the sentence, and remand for further proceedings.

. . . . . . . . . . . . .

FROELICH and HALL, JJ.,   concur.

Copies mailed to:

R. Kelly Ormsby, III
Deborah S. Quigley

Darrell L. Heckman
Hon. Jonathan P. Hein